**U.S. Department of Justice**

*Abram McGull, II*
*Assistant United States Attorney*

United States Attorney's Office
Eastern District of Louisiana

Hale Boggs Federal Building
500 Poydras Street, Suite B210
New Orleans, Louisiana 70130

Telephone: (504) 680-3021
Facsimile: (504) 589-2027

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED JUL 28 2006

LORETTA G. WHYTE
CLERK

July 28, 2006

**BY HAND**

The Honorable Ivan L. R. Lemelle
United States District Court
500 Poydras Street, Room C501
New Orleans, LA 70130

    Re:   **United States v. Jabar Gibson**
            **Case No. 05-323 "B" (2)**

Dear Judge Lemelle:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Jabar Gibson, the defendant in the above-captioned proceeding. The defendant's undersigned counsel, Dwight Michael Doskey, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government has agreed that should the Court accept the defendant's plea of guilty to Counts 1 of the Superseding Indictment, the Government will request the Court to dismiss Count 2 at the time of sentencing. The defendant understands that the Court is not bound to dismiss any count. The Government further agrees that it will not charge the defendant with any other crime arising out of the facts described in the Superseding Indictment in Case No. 05-323 "B" (2).

    The defendant further understands that the maximum penalty the defendant may receive should his plea of guilty be accepted for Count 1 is not more than twenty (20) years of imprisonment, a maximum fine of 1,000,000 and at least three (3) years of supervised release following any term of imprisonment.

    It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply, and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that the defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Honorable Ivan Lemelle
July 28, 2006
Page 2

Further, the defendant understands that a mandatory special assessment fee of $100 per count shall be imposed under the provisions of Title 18, United States Code, Section 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a minimum of at least three (3) years pursuant to Title 21, United States Code, Section 841(b)(1)(C). Supervised release is a period following release from prison during which the defendant's conduct will be monitored by the Court or the Court's designee. The defendant fully understands that if he violates any of the conditions of supervised release that the Court has imposed, the defendant's supervised release may be revoked and the defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.

The defendant understands that he may have the right to request DNA testing of physical evidence in the Government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A. Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offenses to which the defendant is pleading guilty. In addition, the defendant also understands that the Government may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant understands that any discussions with the defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

Honorable Ivan Lemelle
July 28, 2006
Page 3


This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands that if he is not truthful, this agreement will be null and void and he may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person the defendant believes to be violating the law, and the defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The Government may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he would face additional criminal charges.

The defendant also agrees to forfeit and give to the United States prior to the date of sentencing any right, title, and/or interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violations to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violations to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil, or criminal forfeiture of any such assets. These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.

Honorable Ivan Lemelle
July 28, 2006
Page 4

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands that this information may be provided to a representative of any victim of these offenses.

The defendant understands that the statements set forth above represent the defendant's entire agreement with the Government; and that there are not any other agreements, letters, or notations that will affect this agreement.

Sincerely,

JIM LETTEN
UNITED STATES ATTORNEY

ABRAM McGULL, II
Assistant United States Attorney


_____   7/28/06
JABAR GIBSON                      (date)
Defendant


_____   7/28/06
DWIGHT MICHAEL DOSKEY             (date)
Attorney for Defendant